**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-202-FDW
(1:09-cr-17-FDW)**

| | |
|---|---|
| ALBERT CHARLES BURGESS, JR., ) <br> ) <br> Petitioner, ) <br> vs. ) <br> ) <br> ) <br> ATTORNEY GENERAL OF NORTH, ) <br> CAROLINA, ) <br> ATTORNEY GENERAL OF THE ) <br> UNITED STATES, ) <br> ) <br> Respondents. ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of pro se Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2).

**I.    BACKGROUND**

On November 18, 2009, Petitioner was convicted after a jury trial in this Court on one count of possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 1), and one count of knowingly receiving computer visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 2). The Court entered judgment on August 27, 2010, and sentenced Petitioner to concurrent terms of 292-months' imprisonment and ordered restitution in the amount of $305,219.86. (1:09-cr-17, Doc. No. 185: Judgment). Petitioner's convictions were affirmed on appeal and his sentence was affirmed in all respects except for the award of restitution, which the Fourth Circuit vacated, and the case was remanded

1

for a calculation of the damages Petitioner proximately caused to the victim. United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012). Relevant to the pending petition, the Court notes that before the federal charges were brought against him in this Court, Petitioner was charged under North Carolina law on various state court charges related to the conviction here, but the state court charges were later dismissed. According to Petitioner, state law enforcement officials falsely arrested Petitioner based on an illegal search, and then wrongly kept Petitioner in pre-trial custody before he was brought before this Court on the federal charges that resulted in his conviction.

On November 15, 2012, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and raised claims of ineffective assistance of trial and appellate counsel and claims of prosecutorial misconduct. (Civil Case No. 1:12-cv-375-GCM). The Government's motion to dismiss Petitioner's motion to vacate is currently pending before the Court.[1] (Civil No. 1:12cv375, Doc. No. 54). Petitioner dated the instant § 2254 petition July 21, 2014, and it was stamp-filed in this Court on August 4, 2014. Petitioner purports to bring the following claims in the petition: (1) Petitioner was "arrested by State and turned over to feds on illegal search without a warrant but a fraudulent seizure warrant created by a State detective"; (2) Petitioner was denied due process of law because a "fugitive warrant [was] issued illegally and

---

[1] In addition to the motion to vacate, Petitioner has also filed actions under 28 U.S.C. § 1651 and 28 U.S.C. § 2241, challenging his conviction in this Court, and those actions have been dismissed based on the Court's finding that Petitioner must proceed under § 2255. See, e.g., Burgess v. Attorney Gen. of United States, No. 1:13cv340-MR, 2014 WL 1432042 (W.D.N.C. Apr. 14, 2014); Burgess v. Lappin, No. 1:11cv147-03-MU, 2011 WL 2681132 (W.D.N.C. July 7, 2011). Petitioner has also proven to be a prolific filer of vexatious and harassing civil lawsuits in various federal courts throughout the country. See Burgess v. Ebay, Inc., No. 1:11cv193, 2013 WL 2898022 (M.D.N.C. June 13, 2013) (discussing Petitioner's numerous court filings and litigation history in federal courts, noting more than thirty filings in the District of South Carolina alone). After filing such actions, Petitioner then further burdens the courts with frivolous motions.

had charges which were bogus and illegal under North Carolina law"; (3) Petitioner was "denied Speedy Trial in North Carolina—kept almost ten months without going to court"; and (4) Petitioner was denied due process "where the State lodged three charges (all bogus) for failure to register as a sex offender—false imprisonment when precedent clearly stated only one could be lodged." (Doc. No. 1 at 4-5). Petitioner further contends that "the State of North Carolina violated his rights under North Carolina law and therefore negated his subsequent arrest and conviction under federal law as the two separate prosecutions are intertwined and identical in nature." (Doc. No. 1-1 at 5-6).

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. <u>Id.</u> After reviewing the record in this case, the Court finds that no response from the government is necessary.

## III. DISCUSSION

Here, despite that Petitioner has purported to bring this action as a habeas petition under § 2254, he is not in custody pursuant to a state court conviction. Rather, he is in federal custody following his conviction in this Court. Thus, regardless of how Petitioner has styled this action, it is properly brought under § 2255, not § 2254. Thus, this action will be dismissed for lack of jurisdiction. <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488 (1989). Moreover, as noted, Petitioner currently has a pending § 2255 in this Court.

## IV. CONCLUSION

For the reasons stated herein, the § 2254 petition will be dismissed.

3

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 petition, (Doc. No. 1), is **DISMISSED**.

2. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 14, 2014

Frank D. Whitney
Chief United States District Judge

4